UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BURUJI KASHAMU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. |
| v. | ) |
| | ) |
| ERIC HOLDER, Attorney General of the United States | ) |
| in his official capacity only; THE UNITED STATES | ) |
| DEPARTMENT OF JUSTICE; JAMES COMEY, | ) |
| Director of the Federal Bureau of Investigation in his | ) |
| official capacity only; THE FEDERAL BUREAU OF | ) |
| INVESTIGATION; JEH JOHNSON, Secretary of the | ) |
| United States Department of Homeland Security; and | ) |
| THE UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Buruji Kashamu, through his undersigned attorneys, files this Complaint for injunctive relief against Eric Holder, Attorney General of the United States in his official capacity only; The United States Department of Justice; James Comey, Director of the Federal Bureau of Investigation in his official capacity only; The Federal Bureau of Investigation, Jeh Johnson, Secretary of the United States Department of Homeland Security; the United States Department of Homeland Security (collectively "the United States"), and states as follows:

1. This is an action for preliminary and permanent injunctive relief based on the information received by Plaintiff Kashamu leading him to believe that he will be subject to an imminent illegal abduction in Nigeria by United States law enforcement officials acting with Nigerian officials designed to transport him to the United States to stand trial on pending alleged

1

drug offenses without going through the extradition procedures set forth in the extradition treaty between the United States and Nigeria and Nigerian law (as incorporated by said treaty.) Kashamu has recently been democratically elected a Senator in Nigeria's recent national elections and plans to be sworn in on or about May 29, 2015. Kashamu's belief that he will be subject to imminent illegal abduction is based on specific information that he has received indicating that his political opponents are conspiring with the United States government to illegally abduct him and transfer him to the United States to ensure that he does not take his democratically elected position as Senator.

2. Kashamu alleges that said abduction would constitute an unlawful seizure and arrest in violation of 22 USC §2291(c)(referred to herein as "the Mansfield Act"). In addition, Kashamu alleges that said abduction would be in violation of the right to be free from unlawful seizure and arrest and from the deprivation of life and liberty without due process of law, as set forth in the extradition treaty between the United States and Nigeria, and as set forth under the United States Constitution.

3. Plaintiff Kashamu is a citizen of the Federal Republic of Nigeria.

4. Defendant Eric Holder is the Attorney General of the United States and heads the United States Department of Justice ("DOJ"). He is sued in his official capacity only.

5. Defendant DOJ is an agency of the United States. Its headquarters are located at 950 Pennsylvania Avenue, NW, Washington, D.C.

6. Defendant James Comey, is the Director of the Federal Bureau of Investigation ("FBI"). He is sued in his official capacity only.

7. Defendant FBI is an agency of the United States. Its headquarters are located at 935 Pennsylvania Avenue, NW, Washington, D.C.

8. Defendant Jeh Johnson is the Secretary of the United States Department of Homeland Security ("DHS"). He is sued in his official capacity only.

9. Defendant Homeland Security is an agency of the United States. Its headquarters are located in Washington, D.C.

10. On or about March 29, 2015, it was announced that Kashamu was elected Senator of the Federal Republic of Nigeria from the Ogun East Senatorial District of Ogun State of Nigeria.

11. Kashamu ran as member of the People's Democratic Party (PDP).

12. The rival party, the All Progressives Congress (APC) won the office of the Presidency and the majority of the Senate.

13. On May 21, 1998, Buruji Kashamu's name was introduced into an existing indictment alleging a conspiracy to import and distribute heroin in violation of 21 U.S.C. §963. That indictment (See Case No. 94 CR 172) is currently pending in the United States District Court for the Northern District of Illinois.

14. From approximately 1998 until January 10, 2003, Kashamu was incarcerated in Brixton Prisons in London while the United States attempted to extradite Kashamu from the United Kingdom to answer the charges pending in the United States District Court for the Northern District of Illinois.

15. The United Kingdom denied two attempts by the United States to extradite Kashamu and ultimately refused to extradite Kashamu on the grounds that the identification evidence submitted against Kashamu was incredible and valueless. In support of its conclusion, the United Kingdom found that Kashamu had a brother who bore a "striking resemblance" to him and that the brother was the member of the alleged conspiracy which formed the basis for the

indictment. When the second extradition proceedings ended on January 10, 2003, Kashamu was released.

16. Since then, Kashamu has unsuccessfully attempted to have the indictment against him dismissed. The reasons the Seventh Circuit Court of Appeals has given for rejecting Kashamu's attempts to dismiss the indictment are set forth in the Seventh Circuit opinions in *United States v. Kashamu*, 656 F.3d 679 (7th Cir. 2011) and *In re Kashamu*, 769 F.3d 490 (7th Cir. 2014).

17. During the proceedings before the Seventh Circuit, the Court stated that the government had made no effort to extradite Kashamu from Nigeria. *In re Kashamu*, 769 F.3d at 493.

18. To the best of Kashamu's knowledge, the government has never formally asked the government of Nigeria to extradite him.

19. Kashamu recently began receiving information indicating that he was subject to imminent abduction and arrest by Nigerian officers working with and under the direction of United States law enforcement officials to ensure that Kashamu would be incarcerated and forced to stand trial on the charges pending against him in the United States.

20. For example, based on information Kashamu has recently learned, including on April 1, 2015 and April 4, 2015, shortly after it was announced that he was elected to the Nigerian Senate, he believes that the Department of Homeland Security, through one or more of its employees, and the FBI, through one or more of its employees, have been conspiring with Nigerian police officials to directly abduct Kashamu for the purpose of his forcible transportation to the United States for trial.

21. The Mansfield Act (22 USC 2291(c)) provides, in part, that:

(c) Participation in foreign police actions.

(1)   Prohibition on effecting an arrest. No officer or employee of the United States may directly effect an arrest in any foreign country as part of any foreign police action with respect to narcotics control efforts, notwithstanding any other provision of law.

22.   Although the Mansfield Act provides some exceptions to the prohibition set forth in section 2291(c)(1), Kashamu is not aware of any facts supporting the applicability of said exceptions.

23.   Nigeria and the United States have entered into an extradition treaty.

24.   Article 8 of the treaty provides that:

The extradition of fugitive criminals under the provisions of this Treaty shall be carried out in the United States and in the territory of His Britannic Majesty respectively, in conformity with the laws regulating extradition for the time being in force in the territory from which the surrender of the fugitive criminal is claimed.

25.   Nigeria has enacted a law regulating extradition which sets forth the procedures required prior to extradition and which are designed to provide due process prior to any extradition. These procedures do not include the forced abduction of alleged fugitive criminals. See Nigerian Extradition Act.

26.   The Fifth Amendment to the United States Constitution, provides, in part, that no person "shall be deprived of life, liberty, or property, without due process of law . . ."

27.   This Court has original subject matter jurisdiction under 28 U.S.C. sec. 1331, as this matter arises under the Constitution, laws, or treaties of the United States.

28.   Venue is proper in this Court under 28 U.S.C. sec. 1391 because a substantial part of the events giving rise to this action occurred in this judicial district and the Defendants are officers and employees of the United States or its agencies operating under the color of law.

### COUNT I - PRELIMINARY INJUNCTION

29.   Kashamu incorporates by reference paragraphs 1-28 of this Complaint as

paragraph 29 of Count I of this Complaint.

30. Plaintiff requests that the Court enter a preliminary injunction ordering the United States to cease any attempt to abduct Plaintiff from Nigeria or any other country for purposes of transporting him to the United States.

31. The threatened abduction violates the Mansfield Act.

32. The threatened abduction violates the treaty between the United States and Nigeria (and the Nigerian extradition statute incorporated therein) and due process under the Fifth Amendment to the United States Constitution.[1]

33. Based on the fact that the threatened abduction violates the Mansfield Act, the treaty between the United States and Nigeria, and/or the Fifth Amendment to the United States Constitution, Plaintiff is likely to succeed on the merits.

34. If preliminary relief is not ordered, Plaintiff is likely to be abducted and or possibly killed or injured.

35. As a result, Plaintiff is likely to suffer irreparable harm in the absence of

---

[1] The facts of this case and the Nigeria/United States extradition treaty at issue in this case make this case distinguishable from the facts and the Mexico/United States extradition treaty discussed in *United States v. Alvarez-Machain,* 504 U.S. 655 (1992). Section 8 of the Nigerian/United States treaty is not part of the Mexico/United States treaty discussed in *Alvarez-Machain*. Moreover, *Alvarez-Machain* is distinguishable because the case did not appear to involve application of the Mansfield Act. *Alvarez-Machain* is also distinguishable because it sought dismissal of the indictment against Alvarez-Machain. This case seeks an injunction seeking to stop imminent unlawful conduct. Even if not distinguishable, Plaintiff believes that his claim is warranted by a nonfrivolous argument for extending, modifying or reversing *United States v. Alvararez-Machain* as international standards relating to extraterritorial abductions have continued to evolve since the decision in *Alvarez-Machain*.

preliminary relief.

36. As the Mansfield Act, the treaty and the Constitution prohibits abductions, the balance of equities tips in Plaintiff's favor. In addition, since the extradition treaty provides for procedures agreed to by the United States which do not involve an abduction, the balance of equities are in Plaintiff's favor.

37. The public interest would be served by entry of an injunction. For example, the public interest is served by the orderly extradition of criminal defendants.

## COUNT II
## INJUNCTION

38. Kashamu incorporates by reference paragraphs 1-37 of this Complaint as paragraph 38 of Count II of this Complaint.

39. For the reasons set forth above, Plaintiff also requests that the preliminary injunction be made permanent.

## PRAYER FOR RELIEF

Wherefore, Kashamu prays that the Court grant him the following relief against the United States:

A. That the Court enter a preliminary injunction ordering the United States to cease all efforts to abduct Kashamu from Nigeria or any other country for purposes of transporting him to the United States.

  B. All other relief required to make Plaintiff whole or that is deemed appropriate by the Court.

                Respectfully submitted,

                <u>s/Robert R. Cohen</u>
                Robert R. Cohen

Robert R. Cohen
ARDC No. 6193698
rcohen@frankelandcohen.com
Scott J. Frankel
ARDC No.
sfrankel@frankelandcohen.com
Frankel & Cohen
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1615
Chicago, Illinois 60604
(312) 759-9600

Date: April 9, 2015