UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BURUJI KASHAMU,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 15 C 3159 |
| | ) | |
| LORETTA LYNCH, Attorney General of the United States in her official capacity only; THE UNITED STATES DEPARTMENT OF JUSTICE; JAMES COMEY, Director of the Federal Bureau of Investigation in his official capacity only; THE FEDERAL BUREAU OF INVESTIGATION; JEH JOHNSON, Secretary of the United States Department of Homeland Security; and THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Charles Norgle |

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF**

Plaintiff, Buruji Kashamu, through his undersigned attorneys, files this First Amended Complaint for injunctive and declaratory relief against Loretta Lynch, Attorney General of the United States in her official capacity only; the United States Department of Justice; James Comey, Director of the Federal Bureau of Investigation in his official capacity only; the Federal Bureau of Investigation; Jeh Johnson, Secretary of the United States Department of Homeland Security; the United States Department of Homeland Security, (collectively "the United States"), and states as follows:

**Nature of the Action**

1. This is an action for injunctive relief and declaratory judgment to enjoin and declare unlawful an abduction of Plaintiff Buruji Kashamu by United States law enforcement officials in Federal Republic of Nigeria ("Nigeria") designed to transport Plaintiff to the United States to stand trial on pending alleged drug offenses in violation of 22 U.S.C. § 2291(c) (referred to herein as "the Mansfield Act").

**Jurisdiction and Venue**

2. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, as this matter arises under the laws or treaties of the United States.

3. Venue is proper in this Court under 28 U.S.C. § 1391.

4. The United States and its agencies have waived sovereign immunity for all suits seeking injunctive and declaratory relief, pursuant to 5 U.S.C. § 702. As set forth, in part, in 5 U.S.C. § 702: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party."

**The Parties**

5. Plaintiff Buruji Kashamu ("Kashamu") is a citizen of Nigeria. Kashamu is also a democratically elected Senator in Nigeria, who was sworn in to his office on or about May 29, 2015.

6. Defendant Loretta Lynch is the Attorney General of the United States and heads the

United States Department of Justice ("DOJ") and oversees the United States Drug Enforcement Administration ("DEA"). She is sued in her official capacity only.

7. Defendant DOJ is an agency of the United States. Its headquarters are located at 950 Pennsylvania Avenue, NW, Washington, D.C.

8. Defendant James Comey, is the Director of the Federal Bureau of Investigation ("FBI"). He is sued in his official capacity only.

9. Defendant FBI is an agency of the United States. Its headquarters are located at 935 Pennsylvania Avenue, NW, Washington, D.C.

10. Defendant Jeh Johnson is the Secretary of the United States Department of Homeland Security ("DHS"). He is sued in his official capacity only.

11. Defendant Homeland Security is an agency of the United States. Its headquarters are located in Washington, D.C.

## Factual Allegations

12. On May 21, 1998, Kashamu's name was introduced into an existing indictment alleging a conspiracy to import and distribute heroin in violation of 21 U.S.C. § 963. That indictment is currently pending in the United States District Court for the Northern District of Illinois. (*See* Case No. 94 CR 172.)

13. From approximately 1998, when he was arrested by British authorities, until January 10, 2003, Kashamu was incarcerated in Brixton Prison in London while the United States government ("United States") attempted to extradite Kashamu from the United Kingdom to answer the charges pending in the United States District Court for the Northern District of Illinois.

14. The courts of the United Kingdom ("United Kingdom") denied two attempts by the United States to extradite Kashamu and ultimately refused to extradite Kashamu on the grounds that the identification evidence submitted by the United States against Kashamu was incredible and valueless. In support of its conclusion, the United Kingdom found that Kashamu had a brother who bore a "striking resemblance" to him and that the brother, and not Kashamu, was a member of the alleged conspiracy which formed the basis for the indictment. When the second extradition proceedings ended on January 10, 2003, Kashamu was released. He thereafter returned to Nigeria.

15. Since then, Kashamu has unsuccessfully attempted to have the indictment against him dismissed. *See United States v. Kashamu*, 656 F.3d 679 (7th Cir. 201 1) and *In re Kashamu*, 769 F.3d 490 (7th Cir. 2014).

16. During the proceedings before the Seventh Circuit, the Court stated that the United States had made no effort to extradite Kashamu from Nigeria. *In re Kashamu*, 769 F.3d at 493.

17. On information and belief, the United States has never formally requested the Government of Nigeria to extradite Kashamu or commence extradition proceedings, but instead has engaged in a conspiracy with Nigerian political powers and government officials to attempt to seize Kashamu without proper legal authority and transport him to the United States.

18. On information and belief, beginning in or before October 2014, the United States began to make arrangements with Nigerian officials and powerful political figures in Nigeria to have Kashamu seized without proper legal authority and flown to the United States.

19. On information and belief, beginning in or about January 2015, the United States, through officials of the Department of Homeland Security, including an Immigrations and

4

Customs Enforcement Attache, assigned to the United States Embassy in Senegal, requested a Deputy Inspector General of Police and head of the INTERPOL division in Nigeria; to arrange for the forcible abduction of Kashamu in order to turn him over to United States officials for the purpose of transporting him to the United States outside of the extradition process.

20. On information or belief, on or about April 1, 2015, on or shortly after the date of Kashamu's election to the Nigerian Senate, a Nigerian political leader confirmed that plans had been made between United States and Nigerian officials to illegally seize Kashamu prior to his being sworn in as a member of the Senate, and to transport him to the United States without proper and valid legal process.

21. On April 9, 2015, Plaintiff commenced this action.

22. On or about May 22, 2015, operatives of Nigeria's National Drug Law Enforcement Agency (NDLEA) surrounded Kashamu's residence in Lagos, and entered the premises and attempted to seize him pursuant to an illegally issued provisional warrant. Kashamu refused to surrender, and demanded that the NDLEA operatives cease their illegal efforts. The NDLEA operatives then laid siege to Kashamu's residence, keeping him prisoner in his own home for six days, until a Nigerian federal court ordered them to cease their activities and depart from the premises.

23. The NDLEA stated that its action followed a formal request for extradition received from the Embassy of the United States of America.

24. On information and belief, the United States never made a formal extradition request to Nigeria regarding Kashamu.

25. During the six-day detention of Kashamu in his own home, two white males were

present immediately outside of Kashamu's residence, and coordinated and provided instructions to the NDLEA officers with regard to the operation.

26. These two white males sat outside Kashamu's residence in a black sport utility vehicle known to be used by the United States Embassy.

27. On information and belief, the two while males present at Kashamu's residence were agents or officers of the United States' Drug Enforcement Administration or one of its other agencies.

28. Kashamu observed these directing the NDLEA officers surrounding Kashamu's residence.

29. On information and belief, the two agents or officers were attempting to directly effect Kashamu's arrest in order to have him brought to the United States, without legal process or proper order of court.

30. After two separate Nigerian federal courts ordered the NDLEA to vacate the premises of Kashamu's residence, the NDLEA and two U.S. agents or officers finally vacated the premises or the area outside the residence on or about May 28, 2015.

31. The above actions were in clear violation of Nigerian law and on June 8, 2015, a Nigerian federal court nullified the provisional warrant of arrest secured by the NDLEA against Kashamu, and enjoined the Attorney General of Nigeria and the Chairman of the NDLEA, and their officers, agents or privies from further arresting, detaining, threatening to arrest or detain Kashamu or to command, maintain or continue any extradition proceedings whatsoever against Kashamu with regard to any extradition request or petition from the United States pertaining to the criminal charges pending against him in the United States.

32. On information and belief, since in or about 2014, the Department of Justice, through one or more of its employees, the Drug Enforcement Administration, through one or more of its employees, the Department of Homeland Security, through one or more of its employees, and the FBI, through one or more of its employees, have been conspiring and continue to conspire with Nigerian police officials to directly abduct Kashamu for the purpose of his forcible transportation to the United States for trial on drug related charges, and in furtherance of that conspiracy have engaged in the above described acts.

33. On information and belief, the above described actions by the NDLEA and the persons believed to be agents of the United States government were in furtherance of this conspiracy.

34. Kashamu reasonably fears that the efforts to illegally seize him and take him to the United States will continue. He has been and continues to be irreparably injured as a result of this ongoing conspiracy, and has no adequate remedy at law, particularly in light of the sovereign immunity of the United States and its officials from damages.

## COUNT I

### Injunctive Relief Under 22 U.S.C. § 2291(c)

35. Kashamu incorporates by reference paragraphs 1-34 of this Complaint.

36. 22 U.S.C. § 2291(c), which is non-discretionary, states:

(c) Participation in foreign police actions.

(1) Prohibition on effecting an arrest. No officer or employee of the United States may directly effect an arrest in any foreign country as part of any foreign police action with respect to narcotics control efforts, notwithstanding any other provision of law.

37. Defendants are attempting to directly effect the arrest of Kashamu in Nigeria.

38. Defendants are attempting to arrest Kashamu with respect to narcotics control efforts.

39. The actions and threatened action by the United States and its agencies violate 22 U.S.C. § 2291(c).[1]

## COUNT II

### Declaratory Relief Under 22 U.S.C. § 2291(c)

40. Kashamu incorporates by reference paragraphs 1-34 of this Complaint.

41. The actions and threatened action by the United States and its agencies violate 22 U.S.C. § 2291(c).

## PRAYER FOR RELIEF

Wherefore, Kashamu prays that the Court grant him the following relief against the United States:

A. That the Court enter an injunction ordering the United States to cease all efforts to abduct Kashamu from Nigeria or any other country for purposes of transporting him to the United States.

B. That the Court declare that any effort to abduct Kashamu from Nigeria or any other country for purposes of transporting him to the United States is in violation of the laws of the United States.

---

[1] The threatened actions against Kashamu would also violate Fed. R. Crim. P. 4(c)(2).

C. All other relief required to make Plaintiff whole or that is deemed appropriate by the Court.

Respectfully submitted,
<u>Robert R. Cohen</u>
Robert R. Cohen

| | |
|---|---|
| Robert R. Cohen, ARDC No. 6193698<br>rcohen@frankelandcohen.com<br>Scott J. Frankel, ARDC No. 6195429<br>sfrankel@frankelandcohen.com<br>Frankel & Cohen<br>Attorneys for Plaintiff<br>53 W. Jackson Blvd., Suite 1615<br>Chicago, Illinois 60604<br>(312) 759-9600 | Matthew J. Piers, ARDC No. 2206161<br>mpiers@hsplegal.com<br>Chirag Gopal Badlani, ARDC No. 6308523<br>cbadlani@hsplegal.com<br>Hughes, Socol, Piers, Resnick & Dym, Ltd.<br>Attorneys for Plaintiff<br>70 West Madison Street, Suite 4000<br>Chicago, IL 60602<br>(312) 580-0100 |

Date: July 10, 2015

## CERTIFICATE OF SERVICE

      I, Robert R. Cohen, an attorney, certify that I caused a copy of the attached First Amended Complaint Motion to be served on all counsel who have appeared in this matter by electronic filing on July 10, 2015.

                                            s/Robert R. Cohen