FILED
10/7/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BURUJI KASHAMU,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 15-cv-3159 |
| | ) | |
| **LORETTA LYNCH,** Attorney General of the United States in her official capacity only; **THE UNITED STATES DEPARTMENT OF JUSTICE; JAMES COMEY,** Director of the Federal Bureau of Investigation in his official capacity only; **THE FEDERAL BUREAU OF INVESTIGATION; JEH JOHNSON,** Secretary of the United States Department of Homeland Security; and **THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** | ) ) ) ) ) ) ) ) ) ) ) | Judge Charles Norgle |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff Buruji Kashamu, through his undersigned attorneys, submits this Sur-Reply in response to Defendants' Reply in Support of its Motion to Dismiss (ECF No. 39), and in support, states as follows.

In Defendants' Reply in Support of its Motion to Dismiss, Defendants claim that the United States has "formally" sought Plaintiff's extradition, and attached as Exhibit A to its Reply a document which purports to be a "diplomatic note to Nigeria" dated May 4, 2015. Defendants argue that this note demonstrates that because Defendants have "formally" sought extradition, Plaintiff's claim that Defendants are seeking to abduct him outside of the extradition process is speculative and unfounded. (Defs.' Reply at 1-3.) However, Defendants' Exhibit A does not, as

1

they assert, "allay any doubt about the matter," and a question of fact remains as to whether the United States has formally sought extradition.

Under Article 8 the Extradition Treaty with Nigeria, the extradition of any individual "shall be carried out . . . in conformity with the laws regulating extradition for the time being in force in the territory from which the surrender of the fugitive criminal is claimed." 47 Stat. 2122, 1932 WL 31047. The Nigerian Extradition Act, a copy of which was attached as Exhibit 4 to ECF No.7, and is attached hereto as Exhibit 1, clearly prescribes that an Extradition Request must be in the form of a written request addressed to the *Nigerian Federal Attorney General*, which falls under the Nigerian Ministry of Justice. The Act states in no uncertain terms that "[a] request for the surrender of a fugitive criminal of any country *shall* be made in writing to *the Attorney-General* by a diplomatic representative or consular officer of that country." (Ex. 1 at Section 6 (emphasis added).) The Act does not permit or contemplate a request for extradition made by other means or other Nigerian agencies.

It is clear from the face of Exhibit A that it is *not* addressed to the Attorney General of Nigeria, but rather is directed to the Nigerian Ministry of Foreign Affairs, a completely separate entity. Thus, Defendants' request is, as Plaintiff properly alleges in his Complaint, in contravention of the proper extradition process in Nigeria. Thus, any attempts by Defendants to abduct Plaintiff are presently outside of the extradition process and unlawful. Since it must be presumed that the government of the United States is well aware of the requirements of the Nigerian Extradition Act, the document raises the question of why it apparently chose to proceed in an illegal and improper manner, communicating with the wrong agency of the Nigerian government in contravention of Nigerian law. At minimum, Defendants' Exhibit A creates a question of fact about whether the United States *has* formally and properly requested extradition, which cannot be resolved on a

motion to dismiss. *See, e.g. Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 908 (N.D. Ill. 2013) (finding questions "of fact that cannot be decided on a motion to dismiss).  Further, Defendants' Exhibit A, in conjunction with the Nigerian Extradition Act, creates a "reasonable dispute" that prevents the court from taking judicial notice of whether extradition has been formally requested. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (court may only take judicial notice of facts that are not subject to "reasonable dispute").

As such, Plaintiff's alleged injury is concrete and not speculative, and Defendants' attempts to mischaracterize the extradition process and Plaintiff's allegations to avoid resolution of a dispute of fact should be denied.

Respectfully submitted,

/s/ Matthew J. Piers
One of Plaintiff's Attorneys

Robert R. Cohen, ARDC No. 6193698
rcohen@frankelandcohen.com
Scott J. Frankel, ARDC No. 6195429
sfrankel@frankelandcohen.com
Frankel & Cohen
53 W. Jackson Blvd., Suite 1615
Chicago, Illinois 60604
(312) 759-9600

Matthew J. Piers, ARDC No. 2206161
mpiers@hsplegal.com
Chirag Gopal Badlani, ARDC No. 6308523
cbadlani@hsplegal.com
Hughes, Socol, Piers, Resnick
  & Dym, Ltd.
70 West Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100

Date: October 1, 2015

# Exhibit 1

# LawNigeria.Com

Independent Clearing House for Nigeria's Justice Sector

Home    Rules of Court    Treaties    Law Firms    Court Judgments    About Us

## EXTRADITION ACT

SUPPORTED BY

ARRANGEMENT OF SECTIONS

Application of Act

1. Power to apply Act by order.
2. Application of Act to Commonwealth countries.

Restrictions on surrender of fugitives

3. Restrictions on surrender of fugitives.
4. Offences under military law.

Surrender of fugitives

5. Liability of fugitives to surrender.
6. Requests for surrender, and powers of Attorney-General thereon.
7. Power of magistrate to issue warrant on receipt of order under section 6.
8. Power of magistrate to issue provisional warrant.
9. Hearing of case by magistrate and committal or discharge of prisoner.
10. Surrender of fugitive in due course after committal.
11. Postponement of surrender of fugitives.
12. Discharge of fugitive if not removed from Nigeria within limited time.
13. Seizure and surrender of property.
14. General power of Attorney-General to order release of fugitive.

Fugitive surrendered to Nigeria not triable for previous crimes

15. Fugitive surrendered to Nigeria not triable for previous crimes.

Transit of surrendered fugitives through Nigeria

16. Transit of surrendered fugitives through Nigeria.

Evidence

17. Duly authenticated documents to be received in evidence.
18. Taking of evidence in Nigeria for use abroad.

General

19. Forms.
20. Returnable offences.
21. Interpretation.
22. Saving for proceedings begun before commencement of Act.
23. Short title.

SCHEDULES

FIRST SCHEDULE

Countries in respect of which orders under section 1 are in force

SECOND SCHEDULE

Forms for use for the purposes of this Act

EXTRADITION ACT

An Act to repeal the former Extradition Laws made by or applicable to Nigeria and to make more comprehensive provisions for extradition of fugitive offenders for Nigeria.

[31st January, 1967]     [Commencement]

Application of Act

1. Power to apply Act by order

(1) Where a treaty or other agreement (in this Act referred to as an extradition agreement) has been made by Nigeria with any other country for the surrender, by each country to the other, of persons wanted for prosecution or punishment, the President may by order published in the Federal Gazette apply this Act to that country.

(2) An order under subsection (1) of this section shall recite or embody the terms of the extradition agreement, and may apply this Act to the country in question subject to such conditions, exceptions and qualifications as may be specified in the order.

(3) While an order under subsection (1) of this section is in force in respect of any country, this Act shall apply to that country subject to the provisions of the order and to the terms of the extradition agreement as recited or embodied therein.

(4) The power to vary an order made under subsection (1) of this section shall include power, where the terms of the relevant extradition agreement have been varied, to amend so much of the order as recites or embodies those terms; and if an extradition agreement to which an order relates is determined, or otherwise ceases to have effect, the President shall forthwith revoke the order.

(5) Every order made under subsection (1) of this section, which applies this Act to any country, shall include a provision inserting in the First Schedule of this Act, an entry consisting of the name of that country and the year and number of the Legal Notice containing the order; and where any such order is varied or revoked, the varying or revoking order shall include a provision amplifying or deleting the relevant entry in that Schedule, as the case may require.

(6) An order under this section, applying this Act to a country with which an extradition agreement is in force on the date on which this Act is made, may be made at anytime after that date, but shall not come into force before the commencement of this Act.

2. Application of Act to Commonwealth countries

(1) Subject to the provisions of this section, this Act shall apply to every separate country within the Commonwealth.

(2) For the purposes of this Act, each of the following areas shall be treated as constituting a separate country within the Commonwealth, that is to say-

(a) each sovereign and independent country within the Commonwealth together with such (if any) of that country's dependent territories, as the President may by order published in the Federal Gazette designate as forming part of that country for the purposes of this Act; and

(b) each country within the Commonwealth which, not being sovereign and independent, is not a territory for the time being designated under paragraph (a) of this subsection as forming part of some other country for the purposes of this Act.

(3) An order under subsection (2) (a) of this section designating a dependent territory as forming part of a sovereign and independent country shall be made if, but only if, that country has signified to the Federal Government that it desires that territory to be so designated for the purposes of this Act.

(4) If it appears to the President that the law of a country to which this Act applies by virtue of subsection (1) of this section no longer contains provisions substantially equivalent to the provisions of this Act, as it applies to countries within the Commonwealth, the President may by order published in the Federal Gazette direct that this Act shall apply in relation to that country with such modifications (whether by way of addition, alteration or omission) as may be specified in the order; and where an order under this subsection is in force with respect to any country, this Act shall have effect in relation to that country with the modifications specified in the order.

(5) In the case of a country to which this Act applies by virtue of subsection (1) of this section, that fact shall not prevent an order from being made under section 1 (1) of this Act in respect of that country if an extradition agreement is made with that country, and on the coming into force of an order under section 1 (1) of this Act in respect of such a country, this section shall cease to apply to that country and any order made under subsection (4) of this section in respect of that country, shall cease to have effect.

Restrictions on surrender of fugitives

3. Restrictions on surrender of fugitives

(1) A fugitive criminal shall not be surrendered if the Attorney-General or a court dealing with the case is satisfied that the offence in respect of which his surrender is sought is an offence of a political character.

(2) A fugitive criminal shall not be surrendered if it appears to the Attorney-General or a court dealing with the case-

(a) that the request for his surrender, although purporting to be made in respect of an extradition crime, was in fact made for the purpose of prosecuting or punishing him on account of his race, religion, nationality or political opinions or was otherwise not made in good faith or in the interest of justice; or

(b) that, if surrendered, he is likely to be prejudiced at his trial, or to be punished, detained or restricted in his personal liberty, by reason of his race, religion, nationality or political opinions,

(3) A fugitive criminal shall not be surrendered if the Attorney-General or a court dealing with the case is satisfied that, by reason of-

(a) the trivial nature of the offence for which his surrender is sought; or

(b) the passage of time since the commission of the offence,

it would, having regard to all the circumstances in which the offence was committed, be unjust or oppressive, or be too severe a punishment, to surrender the offender.

(4) A fugitive criminal shall not be surrendered if the Attorney-General or a court dealing with the case is satisfied that, whether in Nigeria or elsewhere, he-

(a) has been convicted often offence for which his surrender is sought; or

(b) has been acquitted thereof, and that, in a case falling within paragraph (a) of this subsection, he is not unlawfully at large.

(5) A fugitive criminal shall not be surrendered if criminal proceedings are pending against him in Nigeria for the offence for which his surrender is sought.

(6) A fugitive criminal-

(a) who has been charged with an offence under the law of Nigeria or any part thereof, not being the offence for which his surrender is sought; or

(b) who is serving a sentence imposed in respect of any such offence by a court in Nigeria, shall not be surrendered until such time as he has been discharged whether by acquittal or on the expiration of his sentence, or otherwise.

(7) A fugitive criminal shall not be surrendered to any country unless the Attorney-General is satisfied that provision is made by the law of that country, or that special arrangements have been made, such that, so long as the fugitive has not had a reasonable opportunity of returning to Nigeria, he will not be detained or tried in that country for any offence committed before his surrender other than any extradition offence which may be proved by the facts on which his surrender is granted.

(8) A fugitive criminal shall not be surrendered until the expiration of the period of fifteen days beginning with the day on which he is committed to prison to await his surrender.

(9) In this section, "a court dealing with the case" in relation to a fugitive criminal, means any magistrate dealing with the fugitive's case in pursuance of section 8 of this Act or any court before which the fugitive is brought on or by virtue of an application made by him or on his behalf for a writ of habeas corpus.

4. Offences under military law

(1) A fugitive criminal may be surrendered notwithstanding that the Attorney-General or a court dealing with the case is satisfied that the offence constitutes an offence only under military law or law relating only to military obligations.

(2) In this section, a court dealing with the case "in relation to a fugitive criminal" means any magistrate dealing with the fugitive's case in pursuance of section 8 of this Act or any court before which the fugitive is brought on or by virtue of an application made by him or on his behalf for a writ of habeas corpus.

Surrender of fugitives

5. Liability of fugitives to surrender

Every fugitive criminal of a country to which this Act applies shall, subject to the provisions of this Act, be liable to be arrested and surrendered in the manner provided by this Act, whether the offence in respect of which his surrender is sought was committed before or after the commencement of this Act or the application of this Act to that country, and whether or not there is concurrent jurisdiction in any court in Nigeria over that offence.

6. Requests for surrender, and powers of Attorney-General thereon

(1) A request for the surrender of a fugitive criminal of any country shall be made in writing to the Attorney-General by a diplomatic representative or consular officer of that country and shall be accompanied by a duly authenticated warrant of arrest or certificate of conviction issued in that country.

(2) Where such a request is made to him, the Attorney-General may by an order under his hand signify to a magistrate that such a request has been made and require the magistrate to deal with the case in accordance with the provisions of this Act, but shall not make such an order if he decides on the basis of information then available to him that the surrender of the fugitive criminal is precluded by any of the provisions of subsections (1) to (7) of section 3 of this Act.

(3) Except in so far as an extradition agreement in force between Nigeria and the requesting country otherwise provides, the Attorney-General may refuse to make an order under this section in respect of any fugitive criminal who is a citizen of Nigeria.

(4) If the surrender of the same fugitive criminal is requested in accordance with this section by more than one country, whether for the same offence or different offences, the Attorney-General shall determine which request is to be accorded priority, and accordingly may refuse the other request or requests; and in determining which request is to be accorded priority, the Attorney-General shall have regard to all the circumstances of the case, and in particular-

    (a) the relative seriousness of the offences, if different;

    (b) the relative dates on which the requests were made; and

    (c) the nationality of the fugitive and the place where he is ordinarily resident.

7. Power of magistrate to issue warrant on receipt of order under section 6

(1) A warrant for the arrest of a fugitive criminal, whether accused of or unlawfully at large after conviction of an extradition offence, may be issued by a magistrate on receipt of an order of the Attorney-General under section 6 of this Act relating to the fugitive, if such evidence is produced as would in the opinion of the magistrate justify the issue of the warrant if the offence in question had been committed in Nigeria or the fugitive had been convicted of it in Nigeria.

(2) A warrant issued under this section may be executed anywhere in Nigeria.

(3) A fugitive criminal arrested on a warrant issued under this section shall be brought before a magistrate as soon as is practicable after he is so arrested.

8. Power of magistrate to issue provisional warrant

(1) A provisional warrant for the arrest of a fugitive criminal, whether accused of or unlawfully at large after conviction of an extradition offence, may be issued by a magistrate without any order of the Attorney-General under section 6 of this Act, if such information and evidence is produced as would, in the opinion of the magistrate, justify the issue of a warrant for the arrest of the fugitive, if the offence in question had been committed in the district or division in which he has jurisdiction or the fugitive had been convicted of the offence there.

(2) A provisional warrant may be issued under this section in respect of a person who is, or is suspected of being, on his way to Nigeria, in any case where such a warrant could be issued if he were, or were suspected to be, in Nigeria; and references in this section to a fugitive criminal shall be construed accordingly.

(3) A magistrate issuing a provisional warrant under this section shall forthwith send to the Attorney-General a report of the fact, together with the information and evidence on which he acted or certified copies thereof, and on receipt of the report the Attorney-General may, if he thinks fit, order the warrant to be cancelled and the fugitive criminal, if already arrested, to be released.

(4) A provisional warrant issued under this section may be executed anywhere in Nigeria.

(5) A fugitive criminal arrested on a provisional warrant issued under this section shall be brought before a magistrate as soon as is practicable after he is so arrested, and the magistrate-

(a) shall remand him, either in custody or on bail, pending receipt from the Attorney- General of an order under section 6 of this Act signifying that a request for his surrender has been received, or an order under subsection (3) of this section for the cancellation of the warrant and the release of the fugitive; and

(b) shall forthwith inform the Attorney-General of the fact that the fugitive has been arrested and remanded as aforesaid, and for the purposes of paragraph (a) of this subsection, the magistrate shall have the same powers of remand as if the fugitive were brought before him charged with an offence committed within his jurisdiction.

(6) Without prejudice to section 14 of this Act, if within the period of thirty days beginning with the day on which he was arrested, no such order as is mentioned in subsection (5) (a) of this section is received from the Attorney-General, the fugitive criminal shall be released at the end of that period.

(7) The release of any person under subsection (3) or (6) of this section shall not prejudice his subsequent arrest and surrender if a request for his surrender is afterwards made.

9. Hearing of case by magistrate and committal or discharge of prisoner

(1) When a fugitive criminal is brought before a magistrate on a warrant under section 7 of this Act, or when, in the case of a fugitive criminal brought before a magistrate on a provisional warrant under section 8 of this Act and remanded in pursuance of subsection (5) of the said section 8, an order of the Attorney-General under section 6 of this Act relating to that fugitive is received, the magistrate shall proceed with the case in the same manner, as near as may be, and shall have the same jurisdiction and powers, as if the fugitive were brought before him charged with an offence committed within his jurisdiction.

(2) The magistrate shall receive any evidence which may be tendered to show that the offence of which the fugitive criminal is accused or alleged to have been convicted is not an extradition offence or that the surrender of the fugitive is for some other reason precluded by this Act or by the extradition agreement (if any) in force between Nigeria and the country seeking his surrender.

(3) In the case of a fugitive criminal accused of an offence claimed to be an extradition offence, if there is produced to the magistrate, a warrant issued outside Nigeria authorising the arrest of the fugitive, and the magistrate is satisfied-

(a) that the warrant was issued in a country to which this Act applies, is duly authenticated, and relates to the prisoner;

(b) that the offence of which the fugitive is accused is an extradition offence in relation to that country;

(c) that the evidence produced would, according to the law of Nigeria, justify the committal of the prisoner for trial if the offence of which he is accused had been committed in Nigeria; and

(d) that the surrender of the fugitive is not precluded by this Act (and in particular by any of subsections (1) to (6) of section 3 thereof) and, where the country requesting the surrender of the fugitive is one to which this Act applies by virtue of an order under section 1 of this Act, is also not prohibited by the terms of the extradition agreement as recited or embodied in the order, the magistrate shall, subject to subsection (5) of this section, commit the fugitive to prison to await the order of the Attorney-General for his surrender.

(4) In the case of a fugitive criminal alleged to be unlawfully at large after conviction of an offence claimed to be an extradition offence, if there is produced to the magistrate a certificate of the fugitive's conviction of that offence, and the magistrate is satisfied-

(a) that the certificate of conviction records a conviction in a country to which this Act applies, is duly authenticated and relates to the prisoner;

(b) that the offence of which the fugitive is stated to have been convicted is an extradition offence in relation to that country; and

(c) that the surrender of the fugitive is not precluded by this Act (and in particular by any of subsections (1) to (6) of section 3 of this Act) and, where the country requesting the surrender of the fugitive is one to which this Act applies by virtue of an order under section 1 of this Act, is also not prohibited by the terms of the extradition agreement as recited or embodied in the order, the magistrate shall, subject to subsection (5) of this section, commit the fugitive to prison to await the order of the Attorney-General for his surrender.

(5) If, on committing a fugitive criminal to prison under subsection (3) or (4) of this section, the magistrate is of the opinion that it would be dangerous to the life or prejudicial to the health of the fugitive to remove him from prison, he may order him to be detained in custody in any place named in the order instead of in prison, and while so detained the fugitive shall be deemed to be in legal custody.

(6) On committing a fugitive criminal to prison under this section the magistrate shall-

(a) inform the fugitive that he will not be surrendered until after the expiration of fifteen days beginning with the day on which he is so committed, and that he has a right to apply for writ of habeas corpus; and

(b) forthwith send to the Attorney-General a certificate of the committal and such report on the case as the magistrate thinks fit.

(7) Where the circumstances are not such as to require the magistrate to commit the prisoner to prison under the provisions of subsections (3), (4), (5) and (6) of this section, the magistrate shall order the prisoner to be discharged.

10. Surrender of fugitive in due course after committal

(1) A fugitive criminal committed to prison under section 9 of this Act, shall not be surrendered before the expiration of fifteen days beginning with the day on which he is so committed or, if a writ of

habeas corpus has been issued, until the court has given its decision on the return to the writ, whichever is the later.

(2) Subject to the provisions of subsection (1) of this section and, where a writ of habeas corpus has been issued, if the fugitive criminal is not discharged by the decision of the court on the return to the writ, the Attorney-General, unless it appears to him that the surrender of the fugitive is precluded by law, may by order direct the fugitive to be surrendered to any person authorised by the country requesting the surrender to receive him, and the criminal shall be surrendered accordingly.

(3) Any person to whom an order under subsection (2) of this section directs a fugitive criminal to be surrendered may receive, hold in custody and convey out of Nigeria the person surrendered to him in pursuance of the order, and if the person so surrendered escapes from any custody to which he has been delivered in pursuance of the order, he shall be liable to be retaken in the same manner as any person who escapes from lawful custody.

11. Postponement of surrender of fugitives

(1) Subject to subsection (2) of this section, where a fugitive criminal-

(a) has been charged with an offence triable before any court in Nigeria; or

(b) is serving a sentence imposed by any court in Nigeria, then, until such time as he has been discharged (whether by acquittal, the expiration or remission of his sentence or otherwise howsoever) he shall not be surrendered except as permitted by any law in force in Nigeria.

(2) Subject to the provisions of this Act, a prisoner serving such sentence as is referred to in subsection (1)(b) of this section, may at the discretion of the President, be returned temporarily to another country within the Commonwealth in which he is accused of a returnable offence to enable proceedings to be brought against the prisoner in relation to that offence, on such condition as may be agreed between the President and that country requesting the surrender of the prisoner.

12. Discharge of fugitive if not removed from Nigeria within limited time

If a fugitive criminal who has been committed to prison under section 9 of this Act is not surrendered and conveyed out of Nigeria within two months beginning with the day on which he is so committed or, if a writ of habeas corpus has been issued, within two months beginning with the day on which the court gives its decision on the return to the writ, whichever is the later, the High Court of the territory in which he is, may, on application made by or on behalf of the fugitive, and upon proof that reasonable notice of the intention to make the application has been given to he Attorney-General, order the fugitive to be discharged from custody.

13. Seizure and surrender of property

(1) A police officer who on a warrant under section 7 of this Act or provisional warrant under section 8 of this Act arrests a fugitive criminal accused of an extradition offence, may seize and detain any property found in the possession of the fugitive at the time of the arrest which appears to him to be reasonably required as evidence for the purpose of proving that the fugitive committed the offence of which he is accused.

(2) Any property seized under subsection (1) of this section shall, if an order for the surrender of the fugitive is made under section 10(2) of this Act, be handed over to such person as the Attorney-General may direct, being a person who in his opinion is duly authorised by the country obtaining the surrender to receive it.

(3) Nothing in this section shall prejudice any rights which any person may have in any property which falls to be handed over under this section; and where any such rights exist, the property shall not be handed over under this section except on condition that the country obtaining the surrender of the fugitive criminal in question shall return it as soon as may be after the trial of the fugitive.

14. General power of Attorney-General to order release of fugitive

If it appears to the Attorney-General at any time, in the case of any fugitive criminal who is on remand or awaiting his surrender under this Act-

(a) that his surrender is precluded by this Act or by the extradition agreement (if any) in force between Nigeria and the country seeking his surrender; or

(b) that a request for his surrender is not forthcoming or, where such a request has been made, that it is not being proceeded with, the Attorney-General may order all proceedings for the surrender of that fugitive to the country in question to be discontinued and the fugitive, if in custody, to be released.

Fugitive surrendered to Nigeria not triable for previous crimes

15. Fugitive surrendered to Nigeria not triable for previous crimes

Where, in accordance with the law of any county within the Commonwealth or in pursuance of an extradition agreement between Nigeria and another country (whether within the Commonwealth or not), any person accused of or unlawfully at large after conviction of an offence committed within the jurisdiction

Laws of the Federation of Nigeria – EXTRADITION ACT
Case: 1:15-cv-03159 Document #: 17-9 Filed: 04/20/15 Page 7 of 10 PageID #:67
Page 7 of 10

of Nigeria is surrendered to Nigeria by the county in question, then, so long as he has not had a reasonable opportunity of returning to that country, that person shall not be detained (whether under this Act or otherwise), tried or otherwise dealt with in Nigeria for or in respect of an offence committed by him before his surrender to Nigeria other than-

(a) the offence for which he was surrendered or any lesser offence which may be proved by the facts on which his surrender was granted; or

(b) any other offence (being one corresponding to an offence described in section 20 of this Act) of the same nature as the offence for which he was surrendered:

Provided that a person falling within this section shall not be detained or tried for an offence by virtue of paragraph (b) of this section without the prior consent of the country surrendering him.

Transit of surrendered fugitives through Nigeria

16. Transit of surrendered fugitives through Nigeria

(1) Transit through Nigeria of a person being or about to be conveyed from one country to another on his surrender pursuant to-

(a) a treaty or other agreement in the nature of an extradition agreement, whether or not Nigeria is a party thereto; or

(b) the law of any country within the Commonwealth relating to the surrender of person wanted for prosecution or punishment, may, subject to the provisions of any relevant extradition agreement and to such conditions, if any, as the Attorney-General thinks fit, be granted by the Attorney-General upon a request to that effect made by the country to which he is being or is about to be conveyed.

(2) The Attorney-General on granting transit of any person under this section may make arrangements for his transit to be supervised by the Nigeria Police Force; and where such arrangements have been made, the person in transit shall be treated as being in lawful custody so long as he is accompanied by a member of that force, and if he escapes, shall be liable to be retaken accordingly.

Evidence

17. Duly authenticated documents to be received in evidence

(1) In any proceedings under this Act, any of the following documents, if duly authenticated, shall be received in evidence without further proof, namely-

(a) any warrant issued in a country other than Nigeria;

(b) any deposition or statement on oath or affirmation taken in any such country, or a copy of any such deposition or statement;

(c) any certificate of conviction issued in any such country.

(2) For the purposes of this Act, any such document as is mentioned in subsection (1) of this section shall be taken to be duly authenticated-

(a) if, apart from this section, it is authenticated in any manner for the time being provided by law; or

(b) if it complies with the requirements of subsection (3) of this section and is authenticated by the oath or affirmation of some witness or by being sealed with the official seal of a minister of state of the country in which it was issued or taken.

(3) The requirements of this subsection are as follows-

(a) a warrant must purport to be signed by a Judge, magistrate or officer of the country in which it was issued;

(b) a document such as is mentioned in subsection (1)(b) of this section, must purport to be certified under the hand of a Judge, magistrate or officer of the country in which it was taken to be the original or a copy, as the case may be, of the document in question;

(c) a certificate of conviction must purport to be certified by a Judge, magistrate or officer of the country in which the conviction is stated to have taken place.

(4) For the purposes of this Act judicial notice shall be taken of the official seals of ministers of state of countries other than Nigeria.

18. Taking of evidence in Nigeria for use abroad

The testimony of any witness in Nigeria may be obtained in relation to any criminal matter pending in any court or tribunal in another country in like manner as it may be obtained in relation to any civil matter under any law for the time being in force in any part of Nigeria as regards the taking of evidence there in relation to civil or commercial matters pending before tribunals in other countries:

Provided that this section shall not apply in the case of any criminal matter of a political character.

General

19. Forms

(1) The forms set out in the Second Schedule to this Act may, with such variations as the circumstances of the particular case may require, be used in the circumstances to which they relate, and when so used shall be good and sufficient in law.

[Second Schedule.]

(2) The Attorney-General may by order published in the Federal Gazette amend the said Second Schedule.

20. Returnable offences

(1) A fugitive criminal may only be returned for a returnable offence.

(2) For the purposes of this Act, a returnable offence is an offence however described, which is punishable by imprisonment for two years or a greater penalty both in Nigeria as well as the Commonwealth country seeking his surrender.

(3) Offences described in subsection (2) of this section are returnable offences notwithstanding that any such offences are of a purely fiscal nature under the laws of the country seeking the return of the fugitive and punishable as prescribed in subsection (2) of this section.

21. Interpretation

(1) In this Act, unless the context otherwise requires, the following expressions have the meanings hereby assigned to them respectively, that is to say-

"Attorney-General" means the Attorney-General of the Federation;

"Certificate of conviction" includes any judicial document stating the fact of conviction;

"Court" includes a tribunal established by an Act or any other enactment;

"Extradition agreement" has the meaning assigned by section 1 of this Act;

"Fugitive criminal" or "fugitive" means (without prejudice to section 8 (2) of this Act)-

(a) any person accused of an extradition offence committed within the jurisdiction of a country other than Nigeria; or

(b) any person, who, having been convicted of an extradition offence in a country other than Nigeria, is unlawfully at large before the expiration of a sentence imposed on him for that offence, being in either case a person who is, or is suspected of being, in Nigeria;

"Magistrate" means a chief magistrate, a senior magistrate or a magistrate grade I or grade II;

"Territory" means a State or the Federal Capital Territory;

"Warrant" includes any judicial document authorising the arrest of a person accused or convicted of an offence.

(2) References in this Act to a person being unlawfully at large includes references to a person being at large in breach of a condition of a license to be at large.

(3) For the purposes of this Act-

(a) every colony, dependent territory and constituent part of any country to which this Act applies by virtue of section 1 thereof; and

(b) every vessel and aircraft of any country, whether within the Commonwealth or not, shall be treated as being within the jurisdiction of, and as forming part of, that country.

22. Saving for proceedings begun before commencement of Act

Where, before the commencement of this Act-

(a) a requisition for the surrender of any person has been made to any authority in Nigeria under the Extradition Acts 1870 to 1935 or the Fugitive Criminals Surrender Act; or

[Cap. 73 of 1958 Edition.]

(b) a warrant for the apprehension of any person has been endorsed in Nigeria under section 3 of the Fugitive Offenders Act 1881, the Acts or Act in question shall, for the purposes of any proceedings arising out of that requisition or warrant, continue to apply as if this Act had not been made, and the person in question shall be liable to be apprehended and surrendered accordingly.

23. Short title

This Act may be cited as the Extradition Act.

## SCHEDULES

FIRST SCHEDULE     [Section 1(5).]

Countries in respect of which orders under section 1 are in force

|   | Country | Legal Notice Containing the order |
|---|---------|-----------------------------------|
| 1 | Liberia | L.N. 32 of 1967 |
| 2. | The United States of America 1967 | L.N. 33 of 1967 |

SECOND SCHEDULE

[Section 19 (1).]

Forms for use the purposes of this Act

FORM I

[Section 6 (2).]

Form of order of Attorney-General to a magistrate

To the Chief /Senior/Grade I/Grade II magistrate at ……………………………………….

WHEREAS, in pursuance of the Extradition Act a request has been made to me by a diplomatic representative/consular officer of……………………………………………….for the surrender of ……………………………………… accused of/unlawfully at large after conviction of the offence of ……………………………………within the jurisdiction of………………………………… NOW I, ……………………………………………. Attorney-General of the Federation, by this order under my hand, signify to you that this request has been made, and require you to deal with the case in accordance with the provisions of the Extradition Act.

Given under my hand this …………………………………. day of…………………..20…………..

…………………………………………………..

Attorney-General of the Federation

FORM II     [Section 7.]

**Form of warrant of arrest for issue after receipt of order of Attorney-General**

To each and all police officers.

Whereas the Attorney-General of the Federation has by order under his hand signified to me that a request had been made to him for the surrender of ……………………………….. accused of/unlawfully at large after conviction of the offence of ………………………………….. within the jurisdiction of ………………………………………….. you are therefore hereby commanded to arrest the said ……………………………………….wherever he may be found in Nigeria and bring him before me or some other magistrate, to show cause why he should not be surrendered in pursuance of the Extradition Act.

Dated this………………….day of ……………… 20 ……………………………………….

………………………………………………..

Magistrate

FORM III     [Section 8.]

**Form of provisional warrant of arrest**

To each and all police officers.

Whereas it has been shown to me that …………………………………………………….. is accused of/unlawfully at large after conviction of the offence of ………………………….. within the jurisdiction of ……………………………………….

You are therefore hereby commanded to arrest the said ……………..………………………… wherever he may be found in Nigeria and bring him before me or some other magistrate, to be further dealt with in accordance with the provisions of the Extradition Act.

Dated this…………………………………… day of ………………………… 20……..…………………

………………………………………………….

Magistrate

FORM IV

**Form of warrant of committal**   [Section 9.]

To ……………………………………………………………………… a police officer, and to the superintendent of……………………………………………………………………….prison ………………..……………………………………………………………… having been brought before me this………………………………………….day of………….20…………………..to show cause why he should not be surrendered in pursuance of the Extradition Act on the ground of his being accused of/unlawfully at large after conviction of the offence of within the jurisdiction of…………………………………………………………………… and no sufficient cause having been shown to me why he should not be surrendered in pursuance of the said Act:

You, the said police officer, are hereby commanded to convey the said……………………………safely to the said prison and there deliver him to the superintendent thereof, together with this warrant; and you, the superintendent of the said prison, are hereby commanded to receive the said ……………………………………………………………………… into your custody, and to keep him there until he is delivered thence pursuant to the provisions of the said Act.

DATED this……………………………………………………… day of……………………………………………………20……………

……………………………………………….

Magistrate

SECOND SCHEDULE

FORM V     [Section 10.]

**Form of order by Attorney-General for surrender of fugitive criminal**

To the superintendent of …………………………………………………… prison, and to ……………………………………………… a police officer. Whereas……………………………………………………………………being accused of/unlawfully at large after conviction of the offence of……………………………… within the jurisdiction of ………………………………………………………was delivered into the custody of you, the superintendent of …………………………… prison, by warrant dated ………………………… 20 ……………………… pursuant to the Extradition Act:

Now in pursuance of the said Act I hereby order you, the said superintendent, to deliver the said into the custody of the said ………………………… a police officer; and I hereby order you, the said police officer, to receive the said………………………………. into your custody, and to convey him to ………………………………………… and there place him in the custody of any person or persons authorised by ………………………………. to receive him.

DATED this ……………………………… day of ……………………………. 20…………………………..

………………………………………………..

Attorney-General of the Federation

EXTRADITION ACT

SUBSIDIARY LEGISLATION

No Subsidiary Legislation

Served by TREE&Trees JusticeMedia (Nigeria's justice sector social enterprise)
A