IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BURUJI KASHAMU, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15 CV 3159 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| LORETTA E. LYNCH, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Defendants Loretta E. Lynch's, the United States Department of Justice's, James Comey's, the Federal Bureau of Investigation's, Jeh Johnson's, and the United States Department of Homeland Security's (collectively, the "Government") motion to dismiss Plaintiff Buruji Kashamu's ("Kashamu") First Amended Complaint pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion is granted.

**I. BACKGROUND**

Kashamu is a citizen of Nigeria and also an elected senator of the country. Because of his alleged international drug trafficking operation, Kashamu has been a wanted fugitive in the United States for 17 years. By way of a superseding indictment in 1998, the Government charged Kashamu and fourteen others of conspiring to import and distribute heroin in the United States, a violation of 21 U.S.C. § 963. Since then, thirteen of Kashamu's codefendants have been convicted, while Kashamu and one other remain at large. However, Kashamu's avoidance of the criminal charges is not due to the Government's lack of effort. The Government has tried to bring Kashamu to the United States to face the charges on three separate occasions.

In 1998, after Kashamu was arrested in London by British authorities, the Government tried twice to extradite him, both attempts were unsuccessful. Kashamu was released after the second attempt in 2003 and returned to Nigeria. Subsequently, Kashamu filed a motion to dismiss the indictment, which the Court denied and the Seventh Circuit affirmed. See United States v. Kashamu, 656 F.3d 679, 687 (7th Cir. 2011). Kashamu moved to dismiss the indictment, again in 2014, which the Court denied. That denial lead to Kashamu petitioning the Seventh Circuit for a writ of mandamus. See In re Kashamu, 769 F.3d 490 (7th Cir. 2014). One of the grounds argued by Kashamu for dismissing the indictment was that "the court ha[d] no personal jurisdiction over him because he's never been in the United States...." Id. at 492. The Seventh Circuit denied his petition and Kashamu's criminal case remains pending. See United States v. Kashamu, No. 94 CR 172-15. The Government's third attempt to apprehend Kashamu occurred this year in Nigeria and forms the basis of Kashamu's civil complaint, the civil matter currently before the Court.

In his First Amended Complaint, Kashamu avers that the Government, along with Nigerian officials, "arrange[d] for [his] forcible abduction" and that the efforts to arrest and transport him to the United States were "outside the extradition process." First Am. Compl. for Injunctive & Declaratory Relief ¶ 19. Specifically, Kashamu alleges that on May 22, 2015, the Nigerian National Drug Law Enforcement Agency ("NDLEA") surrounded his house in Lagos, Nigeria, entered his home, and tried to arrest him. Kashamu refused to be arrested, and in fact, was not. Instead, he remained "a prisoner in his home for six days" because "NDLEA operatives then laid siege to [his] residence." Id. ¶ 22. On the sixth day, a Nigerian federal court found that the arrest warrant for Kashamu was invalid and ordered that the efforts to arrest him cease. Regarding the Government's involvement in the attempted arrest, Kashamu alleges that the

"United States never made a formal extradition request," that "two white males were present" during his six-day detention, that the two white males were presumably "agents or officers of the United States' Drug Enforcement Administration or one of its other agencies," and that "the two agents or officers were attempting to directly affect [his] arrest." Id. ¶¶ 24, 25, 27 and 29. Based on the Government's alleged past conduct, Kashamu now seeks injunctive and declaratory relief under the Mansfield Amendment, 22 U.S.C. § 2291(c), and requests a court order directing "the United States to cease all efforts to abduct Kashamu from Nigeria or any other country...." Id. ¶ A at 8.

## II. DISCUSSION

The Government moves to dismiss this civil action, arguing that Kashamu lacks standing and fails to state a claim. The Government gives four reasons why Kashamu failed to allege facts to support Article III standing: 1) his fear of being illegally abducted is speculative; 2) the Government actually formally requested his extradition; 3) he fails to allege facts showing that the Government will seek his arrest again in the future; and 4) the complaint is largely premised on actions taken by Nigerian, not American, officials. The Court agrees that Kashamu does not have standing to bring this claim in a United States Court, but for different reasons, as explained below. Accordingly, the Court does not reach the Government's Rule 12(b)(6) argument that Kashamu fails to state a claim upon which relief can be granted.

**A. Standard of Decision**

As the purpose of a motion to dismiss is to test the plausibility of the pleadings, not the merits, the Court accepts as true all well-pleaded facts, and draws all reasonable inferences in a plaintiff's favor. See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[B]ut a plaintiff

3

faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell, 770 F.3d 586, 588-89 (7th Cir. 2014). "The district court may properly look beyond the jurisdictional allegations of the complaint to view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).

**B. The Government's Rule 12(b)(1) Motion to Dismiss**

*1. Kashamu does not seek jurisdiction pursuant to a writ of habeas corpus*

At the outset, the Court must note that Kashamu does not bring his lawsuit pursuant to a writ of habeas corpus or its statutory counterpart, 28 U.S.C. § 2241, nor could he since he is not in the custody of United States officials and he is not presently, or has ever been, within a territory under the United States' control. See Johnson v. Eisentrager, 339 U.S. 763, 790-91 (1950) (holding that German nationals convicted by an American military tribunal and held in custody by American officials, but located in China, did not have the privilege of litigation in the United States); Hirota v. Gen. of the Army MacArthur, 338 U.S. 197, 198 (1948) per curiam (holding that Japanese citizen petitioners who were "held in custody pursuant to the judgments of a military tribunal in Japan" did not have standing in the United States courts, because the judgments were "not [entered by] a tribunal of the United States"); cf. Rasul v. Bush, 542 U.S. 466, 408, 484 (2004) (holding that § 2241 conferred jurisdiction because alien petitioners awaiting trial were held in federal custody at Guantanamo Bay Naval Base, a territory where the "United States exercises 'complete jurisdiction and control'").

4

### 2. Kashamu does not allege any violation of a treaty as a basis for the Court's jurisdiction

It is also worth noting that Kashamu brings this lawsuit in his personal capacity, not within his duties as a senator of Nigeria, and not pursuant to any treaty. In United States v. Cadena, a case where the defendant argued that he had been abducted and brought to the United States in violation of the Convention on the High Seas treaty, the Fifth Circuit held that "[t]here is no indication in the treaty, or elsewhere, that it was intended to confer rights on non-member nations or on vessels of non-member nations let alone on citizens of non-member nations." 585 F.2d 1252, 1261 (5th Cir. 1978). Therefore, the Fifth Circuit found no authority for granting the relief that the defendant requested. Id. In reaching its conclusion, the Cadena Court referenced how in "a case involving abductions from foreign soil, the Second Circuit adopted the view that only signatory nations to a treaty, and not their individual citizens, can protest its violation." Id. at 1260-61 (citing United States ex rel. Lujan v. Gengler, 510 F.2d 62, 67 (2nd Cir. 1975)); see also United States v. Zabaneh, 837 F.2d 1249, 1261 (5th Cir. 1988) ("Because neither Guatemala nor Belize protested appellant's detention and removal to the United States, appellant lacks standing to raise the treaties as bases for challenging the court's jurisdiction."). Accordingly, Kashamu cannot personally rely on a treaty to provide jurisdiction in this Court.

### 3. The Mansfield Amendment does not create a private cause of action

Instead, Kashamu's First Amended Complaint cites the Court's original jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. § 702, to confer jurisdiction. The federal statute that Kashamu relies upon for subject matter jurisdiction is the Mansfield Amendment, 22 U.S.C. § 2291(c) (also referred to as "the Amendment"). Congress enacted 22 U.S.C. § 2291 because "[i]nternational narcotics trafficking poses an unparalled transnational threat in today's world, and its suppression is among the most important foreign

5

policy objectives of the United States." Id. § 2291(a)(1)(A). The specific provision under which Kashamu seeks relief states: "No officer or employee of the United States may directly effect an arrest in any foreign country as part of any foreign police action with respect to narcotics control efforts, notwithstanding any other provision of the law." Id. § 2291(c).

"It is a longstanding principle of American law 'that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." EEOC v. Arabian Am. Oil Co., 449 U.S. 244, 248 (1991) (quoting Foley Bros., Inc. v. Filardo, 336 U.S. 281, 285 (1949)). The presumption that Congress is primarily concerned with domestic conditions "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord." Id. Therefore, American laws do not extend beyond the United States' territorial jurisdiction, "unless there is 'the affirmative intention of the Congress clearly expressed.'" Id. (quoting Benz v. Compania Naviera Hidalgo, S.A., 353 U.S. 138, 147 (1949)). Furthermore, "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001) (citations omitted).

While the Mansfield Amendment explicitly extends the United States' authority to affect and disrupt international narcotics activities, it is silent on the creation of a private right or a private remedy. The statute also describes the authority, participation, and responsibilities of United States and foreign officials. Even when viewing the facts alleged in the complaint in the light most favorable to Kashamu, filing a civil lawsuit against Government officials of the

United States is something he has no right to do. Because the Mansfield Amendment creates neither a private right nor a private remedy, the Court finds that Kashamu is without standing to file this lawsuit.

The Court's interpretation of the Mansfield Amendment is congruent with Congress' intent and the precedent cases that have also interpreted the Amendment. Since Congress enacted it, there are only eleven cases in which the provision that Kashamu relies upon, 22 U.S.C. § 2291(c), has been discussed; all eleven cases are criminal cases. The consensus opinion from those cases is that the Mansfield Amendment is prescriptive; Congress did not intend for and did not create a private right or remedy. See e.g., Zabaneh, 837 F.2d at 1261 ("Congress has not provided sanctions or penalties by way of relief for persons arrested in contravention of § 2291(c)(1)."); United States v. Yaroshenko, No. 09-cr-524, 2015 WL 3400805, *2 (S.D.N.Y. May 21, 2015) (concluding that "the Court perceives no authority" in the Mansfield Amendment that allows for the dismissal of the indictment); United States v. Bourdet, 477 F. Supp. 2d 164, 175 (D.D.C. 2007) (collecting cases) ("The Mansfield Amendment" is silent as to remedies for its breach, and no court has ever implied a remedy for a defendant alleging its violation"); United States v. Bridgewater, 175 F. Supp. 2d 141, 146 (D.P.R. 2001) ("The Mansfield Amendment regulates Government action prescriptively; it does not provide repercussions for violations of the Amendment.")

### 4. Kashamu does not assert that the Court has jurisdiction pursuant to § 702 of the Administrative Procedure Act

The alternate federal statute that Kashamu cites as a basis for jurisdiction in his First Amended Complaint is § 702 of the Administrative Procedure Act. However, in his response to the Government's motion to dismiss, Kashamu states his purpose for citing § 702 is because it "provides the relevant *waiver* of sovereign immunity for [his] non-monetary claims, not the basis

of jurisdiction." Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss First Am. Compl. 11. Given Kashamu's assertion, the Court proceeds no further in its consideration of § 702 as a basis for jurisdiction. See Fabriko Acquisition Corp. v. Prokos, 536 F.3d 605, 609 (7th Cir. 2008) ("It is not the job of this court to develop arguments…").

### III. CONCLUSION

In reaching the decision that it is without jurisdiction, the Court makes no finding whether the Government does or does not intend to extradite Kashamu in the future and the Court makes no finding regarding the legalities of the Government's previous attempt to seize and remove Kashamu from Nigeria. To reach its ruling, the Court views Kashamu's allegations in the light most favorable to him, and finds as a matter of law, that Kashamu fails to meet his burden to establish jurisdiction in this Court. If Kashamu desires to avail himself of the court system in the United States, he simply can follow the Seventh Circuit's instruction to "leave his place of refuge voluntarily and travel to the United States." In re Kashamu, 769 F.3d at 494.

"A claim that presents no substantial federal question necessarily states no federal claim; it therefore, 'can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought-anywhere.'" Young-Smith v. Holt, 575 F. App'x 680, 682-83 (7th Cir. 2014). Accordingly, the Government's motion to dismiss is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: November 6, 2015

8